## DORMAN vs. LANG.

In an action commenced before a justice of the peace, and continued in the common pleas, by reason of a special plea of title, interposed by the Defendant under 2 R. S., 236, § 59, not forming an issue between the parties; the Plaintiff may interpose a demurrer (in the court above,) to the Defendant's plea, tendering an issue of law upon the matters contained in such plea.

A motion to strike out such demurrer will be denied with costs, on the ground that it is not a departure from the pleading, to which the parties are limited by the statute.

This was an action of trespass on lands. The Plaintiff commenced a suit before a justice of the peace in the county of Schoharie, and declared in trespass; to which the Defendant interposed a plea of title, and executed the bond required in such cases. The justice thereupon discontinued the suit, and this action was commenced in the Schoharie common pleas, which was subsequently removed by certiorari into this court. The declaration and plea in this action, are in substance the same as in the justices' court. To the Defendant's plea the Plaintiff put in a special demurrer, which the Defendant moved to set aside.

R. R. MENZIE, *for Deft.*

S. W. JACKSON, *for Plff.*

HARRIS, Justice.—When the title to lands comes in question, in an action before a justice of the peace, the Defendant may plead specially any plea showing that the title to lands will come in question, or under the general issue, may give a notice to that effect; (2 R. S., 236, § 59,) and upon the Defendant's executing and delivering to the justice a bond con-

ditioned as provided in the next section; the justice is required to discontinue the action. The Plaintiff may thereupon, within thirty days, commence an action for the same cause in the court of common pleas of the county where the cause of action accrued; and in such action he can only declare for the same cause of action upon which he relied before the justice; and the Defendant is confined to a plea, or plea and notice, interposed by him before the justice. If either party departs from the pleading tendered by him to the justice, the other party may apply to strike out such new pleading; but if he do not, and the cause is tried upon issues different from those presented before the justice, it will be deemed an original suit, having no connection with the proceedings before the justice, either in respect to the questions arising upon the trial or the costs.

Under this statute, it would, probably, be allowed for either party to put his pleading more in form in the court above, than he might have thought it necessary in the court below, but the cause of action and the defence, must be *substantially* the same. But as the proceedings before the justice are arrested upon the Defendant tendering his plea, which plea may be, and in this case is such as not to form an issue between the parties, it is necessary that the pleadings should be continued in the court above, until such issue is obtained. This may be effected by a replication to the plea, in which however, the Plaintiff must be confined to the same cause of action contained in his declaration, or by a demurrer tendering an issue of law upon the matters contained in the plea. The demurrer interposed by the Plaintiff to the Defendant's plea, was therefore regular. It is not a departure from the pleading to which he is limited by the statute, and the motion must therefore be denied with costs.